Fox, D. J.
Knight was adjudged a bankrupt February 24, 1875. At that time he was the owner of one share in the defendant corporation, then, and ever since, standing in his name on the books of the company. Soon after his adjudication as a bankrupt Knight fled to Canada, taking with him the certificate of this stock, which he sometime after-wards transferred and delivered, in Canada, to one Melvin Stow, of Newry, in this district. The complainant was never informed of this transfer until a few days since, February 6th, when,’ having summoned Stow to give evidence in this cause, he produced the original certificate, and thereupon assigned the same to the complainant, and the same is now filed in court.
The complainant had beer informed that Stow had been to Canada, and procured the certificate from Knight, but upon inquiry of Stow he was told that he had returned the certificate to Knight in Canada, and the assignee believed he had so done until he produced the certificate on the sixth of the present month.
The complainant, as assignee, before the commencement of the present action demanded of the company a transfer of this share, and a new certificate to be issued to him as assignee, at the same tendering a sufficient bond of indemnity, to which no objection was taken either as to its form or the surety; and, the company refusing to comply with the demand, the present suit was instituted on the twenty-ninth of September last. In the answer the defendant admits that on the twenty-fourth of February one share of the stock stood and still remains in name of C. P. Knight; that dividends to the amount of $30 have been declared on this share and are unpaid, but whether said C„ P. Knight is the bankrupt it has no knowledge. It also alleges that it is informed and believes that C. P. Knight, fit August, 1874, transferred this share to one Clara P. Kniglil, and that the same is still her property; that no assignment of the share has ever'been pre *461 sented by said Clara, but that she has demanded the dividends and a new certificate.
A letter purporting to be written at Guelph, Canada, January 9, 1877, by Clara P. Knight, said to be the wife of the bankrupt, and addressed to the treasurer of the company, is produced, in which she says “the share was transferred to her in August, 1874,” and calls for the dividends and a transfer to herself. The original certificate does not show any transfer to Clara P. Knight. Stow received the same in Canada from the bankrupt, the only transfer thereon being from the bankrupt to Stow, without date, and it is not pretended that the bankrupt was not the owner of the share, holding the certificate when proceedings in bankruptcy were commenced. The assignment by the register vested in the assignee all the rights and property of the bankrupt on the twenty-fourth day of February, 1875, and the bankrupt act confers upon the district court the fullest equity powers in administering the estate.
When the demand for a new certificate was made by the complainant he believed that the old certificate was beyond the jurisdiction of the court, as Stow had informed him he had returned it to Knight, in Canada; and there can be no question that the treasurer of the defendant was of a like opinion, as he was advised by the letter of Mrs. Knight, from Canada, in January, 1877, that she then held this certificate. The rights of the parties, therefore, should be determined as they existed at the filing of the bill, and the production and surrender of the certificate by Stow at the last moment, under the circumstances detailed, cannot change the result. The property in this share having vested in the assignee, and it being his duty to administer the bankrupt’s estate in a manner most beneficial to all parties interested, what course should be adopted by him, with respect to this share, to accomplish this result?
It is said he might have sold his interest in the share, leaving it to the purchaser to enforce his rights. It is true, he might have so done if the court in bankruptcy would have conferred upon him the authority, and it is equally true that, *462 if this plan bad been adopl ed, tbe estate would baye derived no benefit. A public sale of a share of stock in a corporation, by an assignee, wbo admits be bas not tbe certificate and can not procure it, and that, on application to tbe company, it bas refused to recognize bis ownership and issue to him a new certificate, would result in a complete sacrifice of tbe property, and a court of bankruptcy, therefore, would never authorize such a course to be adopted.
That this complainant could have sustained an action at law to recover tbe dividends unpaid and damages sustained by tbe refusal of tbe company to issue a new certificate may, for tbe present bearing, be conceded; although in 2 Bing. 391, tbe court restricted the damages to tbo dividend, bolding that as tbe stock belonged to tbe plaintiff be could not recover its value; but if tbe value of ''¡lie stock is to be taken as tbe rule in determining tbe damages, it would be of so uncertain a nature, changing from day to day with tbe market, that a party ought not to be compelled to pursue that remedy.
In 1 Redfield on Railways, 157, it is said: “Tbe more effectual, and at present tbe more usual, remedy against corporations for refusing to allow tbe transfer of stock upon their books into tbe real name of tbe owner is by bill in equity.” See, also, 123 Mass. 110, and cases there cited. This remedy is more complete, perfect and certain than by an action at law, and enforcing it cannot possibly injure tbe parties. Tbe complainant obtains by tbe decree just what be is entitled to; the real owner acquires tbe evidence of title to that which is bis property; and, to quote tbe words of Best, 0. J., 2 Bing. 391: “We cannot do justice to tbe party unless we bold these shares are still bis. Being bis, if be elects a remedy which confers upon him.tbe possession and control of thorn, and evidence of bis interest, tbe court is bound to sanction bis election and afford him tbe necessary aid to obtain bis property. A title to stock in tbe abstract, without a legal evidence of such title, without tbe power of sale, or of obtaining dividends,” is not tbe ownership which tbe complainant should enjoy, and of which be bas been deprived by tbe corporation denying bis right to tbe stock.
Sewall v. Boston Water-Power Company, 4 Allen, and van *463 ous other cases, aro referred to, in which the transfer of a certificate of stock had been forged or fraudulently altered, and, thereupon, surrendered to the corporation, and new certificates issued. In these cases the original owners, by suits in equity, compelled the corporations to issue to them new certificates in place of those the transfer of which had been forged or altered. It is said those cases are not analogous to the present. The only difference is, in those the original certificates had been surrendered up to the corporations, and, therefore, could never ha%e been used against them; but a like result would have followed in the present instance. If the company had issued a certificate to the complainant when demanded, Knight would no longer have appeared on the books of the company as owner of the share. The title would have passed from him by the proceedings in bankruptcy, and if the original certificate had subsequently been produced, with a transfer by Knight, the company would have been under no obligation to recognize it. The false and'fraudulent notice from Mrs. Knight that the share had been transferred to her in August, 1874-, did not justify the company in denying the rights of the complainant, as it was, in fact, false, and was unsupported by any evidence, not even by the production of the certificate; and by the satisfactory indemnity tendered by the complainant to the defendant company it would have been fully protected, not only against the claim of Mrs. Knight, but of all oilier parties, who could have had their remedy against the assignee if their equity was superior.
The case demonstrates that the assignee was the only party who had any right or interest in the share. Proper evidence of this was tendered to the defendant, and it became the duty of the company to acknowledge the claim of the assignee in bankruptcy. It should have issued to him a new certificate and accounted with him for the dividends. Telegraph v. Davenport, 7 Otto, 372. The refusal so to do is -without justification, and there must therefore be a decree in bis behalf, with costs.