HENRY CLEWS & others *vs.* LEE M. FRIEDMAN.

Suffolk.    December 3, 1902. — February 24, 1903.

Present: KNOWLTON, C. J., MORTON, LATHROP, BARKER, & HAMMOND, JJ.

*Corporation,* Transfer of shares.    *Attachment.*

Under R. L. c. 109, § 37, the delivery of a certificate of stock of a corporation to a *bona fide* purchaser, with a written transfer or a written power of attorney to sell, assign or transfer it, signed by the owner named as shareholder therein, gives the purchaser a good title against a previously attaching creditor.

Whether a creditor, who has attached shares of a corporation belonging to his debtor, has any and, if so, what remedy in equity or otherwise to prevent a transfer of the shares by a delivery of the certificate under R. L. c. 109, § 37, *quære.*

BILL IN EQUITY, filed June 20, 1902, against the trustee in bankruptcy of A. H. Zunz to restrain him from enforcing an attachment against four shares of the capital stock of the Boston and Albany Railroad Company, attached as the property of Rosa W. Zunz, who sold the shares to the plaintiffs.

The bill alleged, that the plaintiffs were copartners carrying on a banking business in the city of New York, that on March 1 or 2, 1900, Rosa W. Zunz, being the owner of the certificate representing the four shares of stock in question and having owned it since October 17, 1899, sold and delivered it to the plaintiffs, together with a written transfer of it signed by her on the back of the certificate, and that the plaintiffs purchased the certificate from her in good faith and paid her for it the full market value of $239.75 per share; that on March 3, 1900, the plaintiffs caused the certificate to be presented to the railroad company for transfer to them, and the plaintiffs then for the first time learned, that on February 20, 1900, the defendant, Friedman, as trustee in bankruptcy of one A. H. Zunz, had brought an action in the Superior Court against Rosa W. Zunz, for $5,000, and on February 21, 1900, had caused the writ in that action to be served upon the railroad company by an attachment of the four shares of stock standing in her name; and that the railroad company refused to make the requested transfer to the plaintiffs unless and until the attachment should be dissolved.

The answer admitted all the allegations of the bill.

It was agreed that the following was a by-law of the Boston and Albany Railroad Company : " Art. VII. The directors shall be, and they are hereby authorized to determine the form of the certificates for the capital stock of the corporation, and the manner of transferring and recording the same. They shall also establish a corporate seal, and determine the form thereof."

It also was agreed : "if competent and material, that by custom the certificates of stock in Massachusetts corporations, when endorsed in blank and delivered by the owner, are accepted by transferees like negotiable instruments, without inquiry as to the rights, if any, of third parties."

The case came on to be heard before *Hammond,* J., who reserved it for determination by the full court.

*R. S. Gorham,* (*F. W. Knowlton* with him,) for the plaintiffs.

*L. M. Friedman, pro se.*

KNOWLTON, C. J. This case calls for a construction of the St. 1884, c. 229, (R. L. c. 109, § 37,) which is as follows: " The delivery of a stock certificate of a corporation to a *bona fide* purchaser or pledgee, for value, together with a written transfer of the same, or a written power of attorney to sell, assign and transfer the same, signed by the owner of the certificate, shall be a sufficient delivery to transfer the title as against all parties; but no such transfer shall affect the right of the corporation to pay any dividend due upon the stock, or treat the holder of record as the holder in fact, until such transfer is recorded upon the books of the corporation, or a new certificate is issued to the person to whom it has been so transferred." This enactment was a new departure and a change of policy in the legislation of this Commonwealth. Previously to the St. 1881, c. 302, transfers of shares of railroad and manufacturing corporations and of many others, could not be made effectual against the rights of subsequent attaching creditors unless recorded on the books of the corporation. *Blanchard* v. *Dedham Gas Light Co.* 12 Gray, 213. *Fisher* v. *Essex Bank,* 5 Gray, 373. Pub. Sts. c. 112, § 56. Except in reference to the small number of corporations in which there was no provision of statute or of the charter requiring a transfer to be made on the books of the corporation

(see *Boston Music Hall Association* v. *Cory*, 129 Mass. 435) a creditor, by examining the books, could be certain to obtain a valid attachment against the owner of record. No purchaser of stock could be sure that his title was good against possible attachments without an examination of the books of the corporation, nor could he be protected against attachments that might be made subsequently, unless he recorded his transfer immediately. This St. 1881, c. 302, was enacted at the instance of purchasers and pledgees of stock, but it did not give them nearly all that they sought to obtain from the Legislature. It was in the nature of a compromise between the conflicting interests of creditors and of those who desired that stock might safely be bought and sold by a transfer of the certificates from hand to hand. It left purchasers subject to the rights of creditors whose attachments had been made previously, and it gave every purchaser ten days in which to record his transfer before he could be affected by a subsequent attachment.

In 1884 purchasers and pledgees sought to obtain greater security and convenience, and the result was the statute now before us. By the language of the act "Delivery of a stock certificate . . . with a written transfer . . . signed by the owner of the certificate, shall be a sufficient delivery to transfer the title as against all parties." Here the certificate is treated as evidence of a title. The assignment is to be made by the owner of the certificate, and the transfer of the certificate transfers the title. What is meant by title? Evidently the title to the stock. A certificate in common form purports to represent a perfect title to the stock. The transfer of the certificate, by virtue of the statute, transfers the title referred to as against all parties, including attaching creditors. The statute declares in effect that an attachment shall be of no avail against a *bona fide* transaction of this kind. To obtain legislation of this kind was the purpose of the plaintiffs for the enactment, as is shown by the history of the proceedings which appears in the legislative proceedings. *Russell* v. *American Bell Telephone Co.* 180 Mass. 467, discloses the existence of a usage that the possession of such a certificate, duly indorsed, enables the possessor to give title to a *bona fide* purchaser, good against everybody. The parties to this suit agree that by custom such certificates, in-

dorsed in blank, and delivered by the owner, are accepted by transferees like negotiable instruments, without inquiry as to the rights, if any, of third persons. The case of *Andrews* v. *Worcester, Nashua, & Rochester. Railroad,* 159 Mass. 64, 66, indicates that in the opinion of this court this usage is well founded in law. That this is the construction of the commissioners on the last revision of the statutes and of the Legislature that enacted the revision, appears by the R. L. c. 109, § 37, where the words "signed by the person named as the shareholder in such certificate," are substituted for the words, " signed by the owner of the certificate," and the words " against all persons " are substituted for " against all parties." A like construction seems to be put upon an identical statute by the Supreme Court of Wisconsin in *Wright Lumber Co.* v. *Hixon,* 105 Wis. 153, 158.

Except as affected by this statute the law authorizing the attachment of shares in a corporation is left in full force, and it is not necessary now to consider what remedy, if any, an attaching creditor would have, in equity or otherwise, to prevent the transfer of a certificate after an attachment.

*Decree for the plaintiffs.*