This is an application on behalf of the Jefferson Fire Insurance Company and Lincoln Mortgage and Title Guaranty Company, in the above-entitled matter, in a sequestration proceeding.
A preliminary restraint was entered in this cause on January 3d 1929, which ordered:
"That until the further order of this court * * * the Jefferson Fire Insurance Company do refrain from paying over to the defendant, Benjamin Luks, or anyone else, any dividends due or to become due him upon the stock appearing upon their respective books in the name of the defendant, Benjamin Luks, to wit, * * * and fifty (50) shares of stock, more or less, in the Jefferson Fire Insurance Company; *Page 161 
and from transferring any of said stock upon their books or otherwise."
An application was made on March 25th, 1930:
"For an order to make absolute the order to show cause made in this cause on January 3d 1929, returnable January 15th, 1929, to direct the sheriff of Essex county, the sequestrator appointed in this cause, to proceed to sell * * * and the fifty (50) shares of stock of his in the Jefferson Fire Insurance Company heretofore sequestered under the writ of sequestration issued out of this court on January 4th, 1929; to direct the defendant to surrender to said sequestrator his certificates to said stock for this purpose; and to direct said companies, or their successors, to issue new and duplicate certificates therefor for said purpose."
The act to make uniform the law of transfer of shares of stock in corporations (1 Cum. Supp. Comp. Stat. p. 690; P.L. 1916ch. 191 p. 398), provides in section 13, as follows:
"13. No attachment or levy upon shares of stock for which a certificate is outstanding shall be valid until such certificate be actually seized by the officer making the attachment or levy, or be surrendered to the corporation which issued it, or its transfer by the holder be enjoined. Except where a certificate is lost or destroyed, such corporation shall not be compelled to issue a new certificate for the stock until the old certificate is surrendered to it."
It seems to me, therefore, that this court cannot order a corporation to issue new certificates. It is admitted that the certificates of stock in question were never actually seized by the sequestrator or surrendered to the company.
In the case of Wallach v. Stein, 102 N.J. Law 517, Mr. Justice Parker, in the supreme court, said:
"The levy was made by the sheriff at the office of the corporation and without seizure of the certificates, i.e., in the manner customary before the act of 1916, * * *"
"It seems, plainly enough, to require actual seizure of the certificate as a condition precedent to a valid levy, and, in fact, we so held in the Mulock Case, going so far as to say that a mere momentary seizure followed by a surrender of possession by the officer is not enough. * * *" *Page 162 
"Dealing with the statute, therefore, as an act in force and unimpugned, the levy and sale passed no title to the stock. There is no claim that the certificates were surrendered to the corporation, or that there was any injunction as contemplated by the last clause of the section under consideration."
The case was taken to the court of errors and appeals, and Mr. Justice Lloyd, speaking for that court (103 N.J. Law 470) says:
"The act is one of a number recommended by the American Bar Association to the various state legislatures, and upon such sponsor it was adopted by our own legislature. As its title indicates, its purpose is `to make uniform the law of transfer of shares of stock in corporations;' and, as we think, to cover the range of titles whereby this result could be effected. Shares of stock are now possibly the most widely prevalent form of title to joint interest in property, and their certificates are to the possessor the evidence of his right. As is commonly known, millions of shares are transferred daily from one owner to another, and in the stock exchanges of the country comprise perhaps the major part of their transactions. On small pieces of paper are written the evidence of fortunes. It is therefore of great importance that these titles should rest upon a sure foundation. It is to safeguard these that the act was passed; and, as declared in section 19, to make uniform the law of transfer with that of other states enacting it."
I have come to the conclusion, therefore, that these companies can be enjoined only to the extent of forbidding them from transferring on their books the stock in question at the instance of the defendant. I do not see how the restraint can be made any broader, and I will modify it to that extent. *Page 163