CENTRAL MORTGAGE COMPANY *vs.* LOUIS F. BUFF & others.

Suffolk.    January 5, 1932. — January 27, 1932.

Present: RUGG, C.J., CROSBY, WAIT, SANDERSON, & FIELD, JJ.

*Equity Jurisdiction,* To reach and apply corporate shares. *Corporation,* Transfer of shares, Stockholder.

In a suit in equity under G. L. c. 214, § 3 (8), to reach and apply, to an indebtedness of the principal defendant to the plaintiff, his shares or interest in a corporation described in the caption of the bill as a "Massachusetts corporation" having a usual place of business in a certain city in the Commonwealth, an interlocutory decree taking the bill *pro confesso* was entered. A master, to whom the suit thereafter was referred to determine the number of such shares owned by the principal defendant, found that the principal defendant was the holder of a certain number of shares in the defendant corporation which had not been assigned, mortgaged or otherwise hypothecated, although he was not in possession of certificates for the shares; and that the shares "can be reached and applied in accordance with the plaintiff's bill of complaint." A final decree was entered ordering the defendant to pay his indebtedness to the plaintiff, and, if he should not do so, appointing a special master to sell his interest in the shares. Upon appeal by the principal defendant, it was *held,* that

(1) It sufficiently appeared from the allegations in the bill that the defendant corporation was one in which the principal defendant's shares or interest could be reached under G. L. c. 214, § 3 (8);

(2) The principal defendant could be found to be a shareholder in the defendant corporation even though it did not appear that he was the holder of certificates for his shares;

(3) Neither said statute nor any provision of the uniform stock transfer act required the plaintiff, in order to secure relief, to prove that the certificates for the shares of the principal defendant were in his possession;

(4) The final decree was affirmed.

BILL IN EQUITY, filed in the Superior Court on February 5, 1931, with a common law writ in trustee process, against Louis F. Buff, Buff & Buff Manufacturing Company, Babson-Dow Manufacturing Company, Henrici Laundry Machinery Company, and Randall-Faichney Corporation.

In the caption of the bill, each of the defendant corporations was described as "a Massachusetts corporation having an usual place of business in . . . Boston." In the body of the bill, it was alleged that each of the defendant corporations was "a corporation duly organized by law, and having an usual place of business in . . . Boston." The bill contained further allegations that the defendant Buff was indebted to the plaintiff in a certain amount and that the plaintiff "is informed and believes, and therefore avers that the defendant, Louis F. Buff, is the owner of certain shares of the capital stock of" each of the defendant corporations. The plaintiff sought to reach and apply "the shares and interest" of the defendant Buff in the defendant corporations to his indebtedness to the plaintiff, under G. L. c. 214, § 3 (8).

A decree was entered dismissing the bill as against the defendant Randall-Faichney Corporation. Interlocutory decrees were entered taking the bill *pro confesso* as against the other defendants. Thereafter, the suit was referred to a master for hearing "as to the number of shares held by the defendant Louis F. Buff in the defendant corporations, which could be reached and applied in accordance with" the bill. Material facts found by the master are stated in the opinion. He made no finding as to the incorporation of the defendant corporations.

An interlocutory decree confirming the master's report was entered by order of *Donnelly*, J. A final decree, entered by order of *Fosdick*, J., is described in the opinion. The defendant Buff appealed from the final decree. In his brief before this court, he stated: "It is to be noted that, although the

plaintiff in the title of its bill of complaint sets forth the Buff & Buff Manufacturing Company, Babson-Dow Manufacturing Company, Henrici Laundry Machinery Company, and the Randall-Faichney Corporation as Massachusetts corporations, the bill itself does not contain any allegations that the previously mentioned corporations are corporations organized under the laws of the Commonwealth of Massachusetts or under the laws of the United States. The master's report does not contain any findings whatsoever that the companies joined as defendants are Massachusetts corporations or corporations organized under the laws of the United States''; and contended that the plaintiff, under G. L. c. 214, § 3 (8), therefore could not reach and apply his stock in those corporations.

The case was submitted on briefs.

*T. W. Morris & R. H. Robb,* for the defendant Buff.

*M. B. Holsberg,* for the plaintiff.

SANDERSON, J.    This is a bill to establish the indebtedness of the defendant Buff to the plaintiff, and to reach and apply in satisfaction of that indebtedness Buff's shares and interest in the defendant corporations, each being described as a Massachusetts corporation having a usual place of business in Boston. The purpose of the bill is more specifically stated in these terms: ''The plaintiff brings this bill of complaint pursuant to G. L. c. 214, § 3 (8), and any other acts applicable thereto, to reach and apply the shares and interest of the defendant, Louis F. Buff, in the said defendant corporations: Buff & Buff Manufacturing Company, Babson-Dow Manufacturing Company, Henrici Laundry Machinery Company, and Randall-Faichney Corporation.'' The indebtedness of Buff to the plaintiff was established in a specified sum, and upon the findings he was the owner of shares or an interest in each of the defendant corporations except the Randall-Faichney Corporation, as to which the bill was dismissed. The bill was taken for confessed as to Buff, Buff & Buff Manufacturing Company, Babson-Dow Manufacturing Company and Henrici Laundry Machinery Company.

G. L. c. 214, § 3 (8), to which reference is made in the bill of complaint, authorizes the bringing of suits ''to reach

and apply shares or interests in corporations organized under the laws of the commonwealth or of the United States, and located or having a general office in the commonwealth, whether the plaintiff is a creditor or not, and whether the suit is founded upon a debt or not."

The case was referred to a master to hear the parties and their evidence as to the number of shares held by Buff in the corporations which could be reached and applied in accordance with the plaintiff's bill of complaint. The master found that at the time of the bringing of the bill Buff held and that he still holds one hundred shares of the capital stock of the Buff & Buff Manufacturing Company, which was the whole capitalization of that corporation. He also found that Buff at one time held certificates representing shares of the common and preferred stock of the Henrici Laundry Machinery Company, which were lost or misplaced some eight or ten years ago, but that the shares represented by the certificates have not been assigned, mortgaged or otherwise hypothecated and that at the time of the bringing of the bill, as well as at the time of his report, he held fifteen hundred shares of the preferred and nine hundred fifty shares of the common stock of that corporation. He also found that Buff was president and treasurer of the Babson-Dow Manufacturing Company and that sixty-five per cent of the preferred and a like per cent of the common stock were at one time issued to him and that they have never been assigned, mortgaged or otherwise hypothecated by him; that this corporation had no record books or other corporate records; that at the time of bringing the bill, as well as at the time of his report, Buff held nine hundred seventy-five shares of preferred and sixteen hundred twenty-five shares of the common stock of that corporation. As to each of these corporations the master found that Buff's shares therein "can be reached and applied in accordance with the plaintiff's bill of complaint." By an interlocutory decree the exceptions of Buff to the master's report were overruled and the report was confirmed. The only appeal was from a final decree establishing the indebtedness of Buff and appointing a special master to sell his interest in the shares of the cor-

porations which, according to the findings of the master, he owned. From the allegations in the bill and the findings it sufficiently appears that the corporations in which Buff owned shares were corporations in which the debtor's shares or interest could be reached under G. L. c. 214, § 3 (8), and the contention of Buff to the contrary cannot be supported. His other contention is that a special master could not be appointed to sell the right, title and interest of Buff in the absence of findings that he is the holder of certificates for shares of stock in the corporations, and he bases this contention upon the terms of the uniform stock transfer act relating to the transfer of title to a certificate and to the shares represented thereby. G. L. c. 155, § 27. Buff could be found to be a shareholder in a corporation even though it did not appear that he was the holder of a certificate. *Chester Glass Co.* v. *Dewey,* 16 Mass. 94, 100. See *Mechanics' Foundry & Machine Co.* v. *Hall,* 121 Mass. 272, 275; G. L. c. 155, § 39.

The definite findings as to Buff's ownership in the specified number of shares in the corporations named in the decree bring them within the terms of the statute permitting the plaintiff as a creditor to have them reached and applied to the payment of the debt. The statute under which the plaintiff is proceeding does not require it to prove that the certificates for the shares of the debtor are in his possession. The judge was within his rights upon the facts found in ordering Buff to pay the amount of his indebtedness within a specified time and, in case of his refusal or neglect so to do, in appointing a special master to sell the debtor's property right, title and interest, legal or equitable, in the specified shares of capital stock of the three named corporations and in ordering Buff upon such sale to make and deliver written conveyance of the property to the purchaser. See *Parkhurst* v. *Almy,* 222 Mass. 27. The provisions of the uniform stock transfer act do not require a different conclusion.

*Decree affirmed with costs.*