RACHEL LEVEY *vs.* JOHN W. NASON & others.

Suffolk. December 11, 1931. — May 20, 1932.

Present: RUGG, C.J., PIERCE, WAIT, SANDERSON, & FIELD, JJ.

*Equity Jurisdiction*, To reach and apply corporate shares. *Equity Pleading and Practice*, Master: findings, exceptions to report; Findings by judge; Decree. *Gift. Corporation*, Transfer of shares. *Evidence*, Inference.

Where a master, to whom was referred a suit in equity to reach and apply shares of corporate stock under a rule requiring him to find whether the principal defendant was the owner of such shares and, if so, how many he owned, found that the defendant became the owner of a certificate for a certain number of such shares; that, although he executed a form of assignment on the back of the certificate and placed it in a safe to which he, the assignee and others had access, he did not intend to give the certificate to the assignee,

did not deliver control thereof to the assignee and did not transfer the shares to the assignee on the books of the corporation; and that he was at all times the owner of the certificate, it was proper for a judge who heard the suit, after an interlocutory decree confirming the report from which no appeal was taken, to order entered a decree providing for sale of the stock by a special master and adjudging, among other things, that the defendant was "in possession of" the certificate: an inference was permissible from such facts that the defendant would be able to deliver the certificate to the special master.

BILL IN EQUITY, filed in the Superior Court on September 12, 1928, to reach and apply shares of corporate stock to an indebtedness of the defendant John W. Nason to the plaintiff.

Interlocutory decrees taking the bill *pro confesso* against the defendants were entered. A rule under which the suit was referred to a master and findings by him are described in the opinion. An interlocutory decree confirming the master's report was entered by order of *Donnelly,* J. By order of *Bishop,* J., an "interlocutory decree" was entered adjudging that the defendant John W. Nason was the owner of certificates numbered 6 and 7 for one hundred five shares in the defendant Frank Nason Electric Company, and was "in possession of said certificates"; and ordering that, if the defendant John W. Nason did not pay a certain sum to the plaintiff within twenty days, said defendant's interest in the shares should be sold by a special master, to whom said defendant should deliver the shares. The defendant John W. Nason appealed from the "interlocutory decree."

*J. Dewey,* for the defendant John W. Nason.

*H. B. Zonis,* for the plaintiff.

PIERCE, J. This bill in equity comes before this court on the appeal of one of the defendants, John W. Nason, hereinafter referred to as the defendant. The bill of complaint alleges that the defendant is indebted to the plaintiff in a specified sum of money on a promissory note, and it seeks to reach and apply to the payment thereof shares of stock of the Frank Nason Electric Company alleged to be owned and held by the defendant, "the number and value of which shares are to the complainant unknown." The bill was taken *pro confesso* against all the defendants, and

decrees were entered in respect thereto in January and in February, 1929.

On December 5, 1930, the case was referred to a special master, "to hear the parties and their evidence and report his findings to the court, together with such facts and questions of law as either party may request upon the following issues: 1. Was the respondent John W. Nason on September 15, 1928, the date of service of process upon him, the owner of any shares of stock in the Frank Nason Electric Company? 2. If so, how many shares of stock in said corporation did he own on said date?" It was further ordered, adjudged and decreed "that such special master is hereby authorized and directed to examine all of the books and records of said corporation to ascertain the facts, and to summon and examine the officers, agents, and servants of said corporation, and other witnesses." After hearings before him, under the rule, the master filed his report on January 10, 1931, in substance, as follows: "The defendant . . . from the time of their issuance on February 3, 1919, was, and at all times thereafter has been and now is, the owner of one hundred five shares of the common capital stock of the Frank Nason Electric Company, as evidenced by . . . two certificates numbered 6 and 7, as now appears on the books of the said corporation, and especially was he the owner of said shares on September 15, 1928." The report states the contention of the defendant and makes findings of fact relative thereto in substance as follows: "The defendant . . . admitted that he was the owner of one hundred five shares as evidenced by said certificates 6 and 7 until March 5, 1919, but he claimed and offered evidence to show [the evidence is not printed] that on said date he made a gift of certificate number 7 for one hundred four shares to his father, Frank Nason." Respecting this contention the master found that about March 5, 1919, the defendant "did fill in and sign the form of assignment printed on the back of certificate number 7 for one hundred four shares, wherein his father was named as transferee and that at times the defendant . . . placed this certificate in the safe of the defendant corporation . . . that the defendant . . .

never intended to give this certificate number 7 to his father; that he never actually or constructively delivered or surrendered control of the same to his father, that he in fact retained possession and there was never any acceptance of this certificate by his father"; that "The corporation safe was accessible to the defendant . . . his father and other officers and employees of the defendant corporation, Frank Nason Electric Company"; that "No record of such transfer was made upon the corporation books which do show that the defendant . . . has always been and now is the owner of said certificate number 7 and the one hundred four shares represented thereby as well as certificate number 6 for one share."

As the evidence is not reported the defendant's objection taken to the refusal of the master "to report . . . facts as requested by the defendant" must be overruled. *Tuttle* v. *Corey*, 245 Mass. 196. *First National Bank of Haverhill* v. *Harrison*, 271 Mass. 258, 263. The objections taken to the master's admission and rejection of certain evidence are not argued and therefore are deemed to be waived. By an interlocutory decree dated March 25, 1931, the master's report was confirmed. From this decree no appeal was taken. This decree made the findings of fact conclusive between the parties. *C. A. Briggs Co.* v. *National Wafer Co.* 215 Mass. 100, 108. *Corey* v. *Independent Ice Co.* 226 Mass. 391. *Lefevre* v. *Chamberlain*, 228 Mass. 294. *M. E. Hall Co.* v. *Gale*, 248 Mass. 299. We understand the position of the defendant to be that no present contention is made that the evidence which was before the master, considered in the light of all the circumstances, did not warrant his conclusion of fact that "The defendant . . . did not make a gift of this certificate number 7 for one hundred four shares to his father, Frank Nason." For a statement of the necessary steps required by law for the transfer of the legal title to stock see G. L. c. 155, § 27. *Clews* v. *Friedman*, 182 Mass. 555. *Baker* v. *Davie*, 211 Mass. 429.

The only alleged error now complained of by the defendant is that the decree called "Interlocutory Decree," in truth a final decree, entered May 6, 1931, purports to ad-

judicate that the defendant at the time of the service of the bill of complaint on September 15, 1928, was "in possession of said certificates" — a fact not an issue submitted to the master — and the judge has not at any time made findings of fact or taken evidence upon that issue at any hearing held before him. We think there is nothing of substance in this contention. The fact that the defendant had title to, and the right to the possession of, the certificate of stock from March 5, 1919, and that he retained such title and right up to the close of the hearings before the master, permitted the master and the judge, without further evidence, to draw the reasonable inference that the defendant would be able to deliver to the special master certificates of the shares found by the decree to be owned by him on March 5, 1919.

*Decree affirmed with costs.*