Allen, J.
 

 The controlling facts in this case are not in controversy. The M. Werk Company, a corporation which is engaged in the manufacture of soap, has an authorized capital stock of 15,000 shares of common stock, all of which is issued and outstanding. February 21, 1929, was the time set in accordance with the regulations for the annual meeting of the stockholders. Notice was duly given, pursuant to the regulations, and when the meeting was called to order by the president, and the secretary called the roll, it was reported to the president that there were 7,749 shares represented at the meeting, and that hence there was no quorum. The president of the company stated to the meeting that under the regulations, three-fifths of the stockholders in interest, or stockholders owning 9,000 shares, were required to be present to make up a quorum, and that there was no quorum present. A motion to adjourn was made and lost. The president thereupon refused to act as president and the secretary declined to act as secretary. Thereupon the defendants in error, with the exception of certain stockholders, proceeded with the meeting, and elected directors, namely, the defendants in error. At this election, 7,613 votes, or more than a majority vote of the total outstanding shares of common capital stock, were cast in favor of each of the defendants in error.
 

 Article I of the regulations of the M. Werk Company reads as follows:
 

 ‘ ‘ The annual meeting of the stockholders shall be held at the office of the Company in St. Bernard on the 3d day of February each year. * * * Three-
 
 *117
 
 fifths of all the stockholders shall constitute a quorum.”
 

 This is the only one of the regulations presented in this record.
 

 At the trial in the Court of Appeals, plaintiff in error made a motion for judgment on the pleadings, contending that three-fifths of all the stockholders means three-fifths of the stockholders in interest, and not three-fifths of the stockholders in person. The court overruled this motion, construing the word “stockholders” as meaning stockholders in person and not in interest, and permitted testimony to be introduced upon the question as to how many stockholders were present at the meeting of February 21, 1929. Testimony was then adduced tending to show that three-fifths of the stockholders in person or by proxy were present at the meeting, and the Court of Appeals thereupon rendered judgment in favor of the defendants in error.
 

 The legal question hence presented is: Where the regulations of a corporation provide that “three-fifths of all the stockholders shall constitute a quorum,” does this mean stockholders in interest, or stockholders per capita?
 

 It is the contention of plaintiff in error that the Court of Appeals erred in holding that three-fifths of all the stockholders means three-fifths of the number of individual stockholders and not three-fifths in interest. In other words, plaintiff in error claims that the share of stock, and not the individual, is in all cases the unit by which corporation affairs are governed, and that where the word “stockholders” is used it refers to the interest, and not to the person holding the stock.
 

 
 *118
 
 The record does not state at what time these regulations were enacted. It is shown that the corporation has existed for many years, and hence the regulations may have been enacted prior to June 8, 1927, the effective date of the new corporation code, 112 Ohio Laws, 9. The burden rested upon relator in the Court of Appeals to establish the date of the enactment of the regulations if he sought to avail himself of its existence. In our view, however, under neither the old nor the new form of the statute is his contention tenable.
 

 The relevant provisions of the corporation law prior to June 8, 1927, were as follows:
 

 Section 8701, General Code. “Every corporation may adopt a code of regulations for its government, consistent with the constitution and laws of the state.”
 

 Section 8704. “When no other provision is specially made in this title, a corporation by its regulations may provide —
 

 “1. The time, place and manner of calling and conducting its meetings.
 

 “2. The number of stockholders or members constituting a quorum.”
 

 These statutes also provide that after the certificate that 10 per cent, of the capital stock has been subscribed has been forwarded to the secretary of state, the stockholders shall be notified of a meeting for the purpose of choosing directors (Section 8635).
 

 Section 8636 provides:
 

 “At the time and place appointed, directors shall be chosen by ballot, by the stockholders who attend, either in person or by lawful proxies. At such and all other elections of directors, each stockholder
 
 *119
 
 shall have the right to vote in person or by proxy the number of shares owned by him for as many persons as there are directors to be elected, or to cumulate his shares and give one candidate as many votes as the number of directors multiplied by the number of his shares of stock equals, or to distribute them on the same principal [principle] among as many candidates as he thinks fit. Such directors shall not be elected in any other manner. A majority of the number of shares shall be necessary for a choice, but no person shall vote on a share on which an installment is due and unpaid.”
 

 Under these statutes, from the standpoint that words are presumed to be used in their ordinary sense, the Court of Appeals was correct in its holding. We have not the benefit of the entire set of regulations, and hence we cannot assume that the other regulations strengthen the position of the plaintiff in error, who was the relator in the court below.
 

 The statutes in force prior to June 8, 1927, contained no provision as to quorum apart from that found in Section 8636, which related to the initial election of directors after the filing of the certificate of subscription with the secretary of state. This section states that at the time and place appointed directors shall be chosen by ballot by the stockholders who attend, either in person or by lawful proxies. Hence Article I of the regulations, if enacted before June 8, 1927, did require a greater proportion of stockholders to constitute a quorum at a general annual election of directors than Section 8636 itself required for the initial election of directors, because it is apparent that the stock
 
 *120
 
 holders who attend might easily be less than three-fifths in number, and might own stock less than three-fifths in interest. The word “stockholder” in Section 8636 was evidently used to mean individual stockholders, for the provision as to quorum at this particular meeting was then limited by stating that, “A majority of the number of shares shall be necessary for a choice.” Since the word “stockholder” is used in Section 8636 in this specific connection, and with regard to a quorum at this one meeting, in the sense of individual stockholders, no argument can be made as to the meaning of the phrase in the regulations, at least from this section of the statute. If the contention of plaintiff in error is correct, we have to read into the words of the regulation, after the word “stockholder,” the phrase “in interest.” Plaintiff in error then argues that this should be done because of the statute, but in order that the statute may justify this claim we have to read into the words of Section 8636, in the first sentence, after the word “stockholders,” the phrase “in interest.” However, the phrase “in interest” cannot be read into this particular sentence, because “the stockholders who attend” are evidently individuals, and to say “the stockholders in interest who attend” does not make sense.
 

 Under the corporation code as amended and effective June 8, 1927, the position of plaintiff in error is in no way strengthened. The second paragraph of Section 8623-48 of this enactment reads as follows :
 

 “The shareholders present in person or by proxy at any meeting for the election of directors shall contitute a quorum, but to constitute a quorum at
 
 *121
 
 any meeting of shareholders for any other purpose, there shall be present in person or by proxy the holders of shares entitling them to exercise a majority of the voting power, or if the vote is to be taken by classes, the holders of shares of each class entitling them to exercise a majority of the voting power of that class, unless in any or either case the articles or regulations require a greater or lesser proportion or number.”
 

 That part of Section 8623-12 now under consideration corresponds to Section 8704 of the old corporation code. It provides that:
 

 “A corporation shall adopt a code of regulations which shall be consistent with its articles and the laws of the state * * * and in particular * * * may include provisions in respect to:
 

 “The time and manner of calling and conducting annual or special meetings;
 

 “The place of holding meetings of shareholders;
 

 “The requirements of a quorum for shareholders’ meetings.”
 

 No number of stockholders and no proportion of stock is provided for either in the first Section, 8636, under the old Code, nor in the sentence quoted of Section 8623-48 in the new Code, to qualify the phrases, respectively, “the stockholders who attend,” and “the shareholders present in person or by proxy.” This omission is particularly emphasized, because in each enactment there is a specific limitation which stresses the lack of limitation as to proportionate interest of stock represented in the phrases above quoted. In Section 8636 it was provided that a majority of the number of shares was necessary for a choice at such an election, and that
 
 *122
 
 the stockholder could vote the number of shares owned by him. In Section 8623-48 it is provided that to constitute a quorum at a meeting for any other purpose than the election of directors, “there shall be present in person or by proxy the holders of shares entitling them to exercise a majority of the. voting power, * * * unless * * * the regulations require a greater or lesser proportion or number.”
 

 These specific limitations show that the word “stockholders” in the old statute and the word “shareholders” in the new statute, as used with regard to a quorum at a meeting for the election of directors, mean individual holders of stock.
 

 We sometimes hear of jurors building inference upon inference.
 
 Sobolovitz
 
 v.
 
 Lubric Oil Co.,
 
 107 Ohio St., 204, 140 N. E., 634. To make a legal construction such as the one urged upon us here would be to found a legislative inference upon a legislative inference which did not exist.
 

 The plaintiff in error cites certain cases from other jurisdictions in opposition to this holding. He points to a federal decision, the case of
 
 Toledo Traction, Light & Power Co.
 
 v.
 
 Smith
 
 (D. C.), 205 F., 643, which holds that the phrase “two-thirds of the stockholders” in the code- provision, as to the assent of two-thirds of the stockholders changing the regulations by filing an assent in writing, means stockholders in interest, and not per capita. That ease did not involve the construction of a regulation authorized under the code, but construed the code itself. It concerned the voting power, and did not concern a quorum, and it construed a statute now repealed and materially altered as re-enacted (8623-12,112 Ohio Laws, 13).
 

 
 *123
 
 In the case of
 
 Weinburgh
 
 v.
 
 Union Street-Railway Advertising Co.,
 
 55 N. J. Eq., 640, 37 A., 1026, the court considered an entire set of regulations, several of which used the phrase “stockholders owning a majority of the capital stock.” The court says, upon page 648 of 55 N. J. Eq. (37 A., 1029), that the provision “majority of all the stockholders of record” must mean a majority in interest, because otherwise the provision is repugnant to the provision of Article I, Section 2, that “At
 
 all
 
 meetings of the company there shall be present stockholders owning a majority of the stock in order to constitute a quorum, ’ ’ and also states that otherwise the regulation is in violation of the Corporation Act, which provides that “in no case shall more than a majority of the shares or amount of interest be required at any meeting to constitute a quorum.” These provisions and the statutory enactments relative to amendments and quorums in the general law under which the company was incorporated completely differentiate the
 
 Weinburgh case
 
 from the instant record upon the facts. Other decisions are cited which involve statutes from different jurisdictions than our own, and hence cannot control in the construction of the meaning of a regulation adopted under and subject to our own peculiar code provision.
 

 2 Thompson on Corporations (3d Ed.), Section 940, points out that the question of a quorum at a stockholders’ meeting is now settled almost universally by statute. It is also stated in that authority that a by-law cannot provide that a majority of the entire stock shall constitute a quorum, when the governing statute provides that the election may be
 
 *124
 
 held by the stockholders who attend the meeting for that purpose.
 
 Darrin
 
 v.
 
 Hoff,
 
 99 Md., 491, 58 A., 196. Un the instant case, under the new form of the statute, under the rule just stated, if the regulation herein is construed to provide that three-fifths of the stockholders in interest must be present to constitute a quorum, the^ regulation itself might be construed as invalid. ....... "
 

 Under the statute, the regulations of the corporation control this matter, and this court has held in
 
 State, ex rel. Webber, Pros. Atty.,
 
 v.
 
 Shaw,
 
 103 Ohio St., 660, 134 N. E., 643, that under Section 8704,
 
 sufra,
 
 rules and regulations of a corporation, when not in conflict with statutory provisions, and when made pursuant to authority specifically granted by legislative enactment, have all the force and effect of a contract between the corporation and its members, and between the members themselves. With reference to the question which we are herein discussing, there is little salient difference between the provisions of Section 8704, now repealed, and Sec-, tion 8623-12, and the principle announced applies under either form of the statute.
 

 There is no ambiguity concerning the meaning of the word “stockholders.” It signifies the owners of stock in a corporation. We cannot reform the contract between these stockholders by reading the words “in interest” into their regulations, where the statute has specifically given them the power to make their own contract.
 

 The record shows in this instance that shareholders duly notified of the meeting deliberately failed to attend the stockholders’ meeting in order that a quorum might not exist. The meeting having
 
 *125
 
 been called under statutory regulations, it would be a strange view of the equities of the situation which, should hold that those who obstructed the meeting required by statute could, now that more than a majority of the stock in interest has been voted for these directors, oust them from office upon the ground that the word “stockholders” is' not to be taken in its usual and customary meaning. There was evidence in the record tending to show that 15 stockholders were present in person or by proxy; hence we do not review that point of fact.
 

 The judgment of the Court of Appeals will be affirmed.
 

 Judgment affirmed.
 

 Jones, Matthias and Day, JJ., concur.