[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
The plaintiffs-appellants, Ronald and Renate Coleman, appeal from the trial court's order granting summary judgment to Paradise Resort, Inc., and its individual shareholders. The Colemans claimed that the resort's board of directors terminated their shareholder-membership privileges in bad faith and outside the procedures set forth in the corporation's by-laws and regulations.
Although nowhere in the record is it stated, at oral argument it was divulged that Paradise Gardens — the name of the club operated by Paradise Resort, Inc. — is a nudist colony. The record contains no evidence of why the Colemans were expelled; however, there was trouble in Paradise, and the Coleman's membership privileges were suspended on April 13, 1996, by the board of directors. The minutes of that meeting show merely that a motion was made to suspend the Colemans' club privileges for "at least one year, effective immediately, to be reviewed at the annual shareholder's meeting in 1997." No reason for the motion was given. The motion carried with five of the directors voting in favor and two abstaining. The minutes then state, "The President will notify the Colemans."
On April 19, 1997, at the annual shareholders meeting, the Coleman's "club privilege status" was brought up for discussion. The minutes of that meeting show that the Colemans were present and held the proxy of two other member-shareholders. Still, "[a]fter much discussion," when the chairman called for a motion to reinstate the Colemans, the minutes show that there was "no response from anyone present," including, presumably, the Colemans.
The Colemans' suspension was thus left intact until the 1998 annual shareholder meeting. At that meeting, the board of directors voted to terminate permanently the Colemans' membership status: they were expelled from Paradise. (Ironically, the corporate stationery bears the imprimatur of an apple with a bite taken out of it.) Pursuant to the corporate regulations, which granted to Paradise the right to repurchase shares, the Colemans were tendered the established value of their share.
The mechanism for enforcing Paradise's rule against shareholders and directors is contained not in a regulation but in a resolution of the board. The resolution states that any reports of "obnoxious, disruptive, dishonest, or violent behavior, or violations of the membership rules" will be dealt with at the next meeting of the directors or the executive committee, whichever is to meet first. The resolution further provides that, "aftergiving full opportunity for discussion to all interestedparties," either of these bodies shall "exonerate the accused," issue a warning, or suspend the accused for a period of time to be determined. An express proviso makes clear that any action taken "shall be subject to review at the next meeting of the directors."
The Colemans argue that summary judgment was improper because (1) the record does not contain any evidence of the grounds for their suspension, and (2) regardless of the merit of their suspension, they did not receive notice of, and were not at, the April 13, 1996, meeting when the suspension was imposed.
The trial court granted Paradise's motion for summary judgment on the basis that the Colemans had failed to exhaust their corporate remedies by not seeking reinstatement at the April 1997 annual shareholders meeting. The Colemans do not explain why they did not seek reinstatement at that time; they insist, however, that an opportunity to petition for reinstatement, after the denial of their membership privileges for a full year, was not the same as an opportunity to contest the suspension before it was ever imposed. We agree.
Ohio law is clear that the rules and regulations of a corporation "have all the force and effect of contract between the corporation and its members * * *." State ex rel. Schwab v.Price (1929), 121 Ohio St. 114, 124, 167 N.E. 366, 369. As the Ohio Supreme Court has noted, such rules and regulations would become "a farce and worse than a plaything if not recognized and enforced." State ex. rel. Webber v. Shaw (1921), 103 Ohio St. 660,669, 134 N.E. 643, 646. In a case very similar to this one, the Lake County Court of Appeals held that the trial court erred by granting summary judgment to a nonprofit yacht club on a claim that the board had not complied with the club's constitution in recommending the appellants' suspension from club activities.Robb v. Chagrin Lagoon's Yacht Club (Aug. 19, 1994), Lake County App. No. 93-L-064, unreported. Specifically, the court held that the appellants were not given a hearing before the board on the grievances filed against them, as was required by the constitution. The court concluded that "[a]lthough the original merits of the grievances had been considered in the meeting, basic due process considerations support the conclusion that appellants should have been allowed to present a defense as to whether they should be expelled."
In its brief, Paradise argues that "[t]he mere fact that no specific mention of a discussion is contained in the minutes [of the April 13, 1996 meeting] of the Board of Directors does not indicate any noncompliance." As the party moving for summary judgment, however, it was Paradise's burden to demonstrate that it was entitled to judgment as a matter of law, which would have required proof that the suspension was carried out in accordance with the board resolution.
In sum, the record does not demonstrate that the board complied with its own resolution for disciplining shareholders. Furthermore, the trial court erred by equating the right to seek reinstatement a year later with the right to challenge the suspension before it was imposed. Thus, Paradise was not entitled to judgment as a matter of law. Accordingly, the judgment of the trial court is reversed, and this case remanded for further proceedings.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
DOAN, P.J., GORMAN and PAINTER, JJ.
To the Clerk:
per order of the Court _______________________________.
_______________________________________________ Presiding Judge